Karin P. Beam, Esq. (State Bar No. 112331)
Warren L. Dranit, Esq. (State Bar No. 160252)
SPAULDING McCULLOUGH & TANSIL LLP
90 South E Street, Suite 200
P.O. Box 1867
Santa Rosa, CA 95402
Telephone:   (707) 524-1900
Facsimile:    (707) 524-1906
email: beam@smlaw.com; dranit@smlaw.com

Attorneys for Plaintiff
The Olive Press LLC

FILED
JUL 23 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U. S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE OLIVE PRESS LLC, a California limited liability company,

Plaintiff,

vs.

FRANK FIGONE, an individual; FIGONE'S OF CALIFORNIA OLIVE OIL CO., business of unknown form; Does 1 to 10, inclusive,

Defendants.

Case No: C 07 3780

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESCRIPTION AND INJURY TO BUSINESS REPUTATION

DEMAND FOR JURY TRIAL

BY FAX

Plaintiff THE OLIVE PRESS LLC ("plaintiff"), for its claims against defendant, alleges as follows:

JURISDICTION AND VENUE

1. This action is also brought under the United States Trademark Act of 1946, as amended, 15 U.S.C. §§1051 et seq. (the "Lanham Act") and the statutory and common law of the State of California.

2. This Court has original subject matter jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §1338(b).

3. This Court also has supplemental jurisdiction under 28 U.S.C. §1367 over the subject matter of plaintiff's claims based on the statutory and common law of the State of California, because those claims are so related to plaintiff's federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

1
COMPLAINT

4. Defendant regularly conducts business in this judicial district, having offered to sell and continuing to offer to sell, and having sold and continuing to sell infringing products in this judicial district, and is subject to personal jurisdiction in this judicial district.

5. Venue is proper under 28 U.S.C. §1391.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Civil Local Rule 3-2 (c), this action is an Intellectual Property Action that may be assigned on a district-wide basis.

## THE PLAINTIFF

7. Plaintiff is a California limited liability company with its principal place of business at 24724 Arnold Drive/Highway 121, Sonoma, California (the "Sonoma location"). The plaintiff has been conducting its business at this location since February 2007.

8. For more than 11 years prior to moving to the Sonoma location, plaintiff operated its business at 14301 Arnold Drive, Glen Ellen, California (the "Glen Ellen location"). A photograph of the plaintiff's business at the Glen Ellen location is attached to this Complaint as Exhibit A.

9. Plaintiff's business was created in 1995 by Ed Stolman and Deborah Rogers, both California olive growers and producers who were inspired by the olive processing facilities of Italy and Southern France.

10. Since 1995, plaintiff's business has been dedicated to making the finest extra virgin olive oil. It processing facilities are uniquely designed to meet the custom needs of commercial producers, growers with small harvests, and hobbyists wishing to create "estate" olive oil from homegrown olives.

11. In addition to processing olives for others, plaintiff bottles and sells its own line of top quality olive oils, olives, and olive related products.

12. Plaintiff's tasting room and gift shop, as well as an online store available through the internet, are dedicated to everything having to do with olives and olive oil. For over 11 years at the Glen Ellen location and now at the Sonoma location, plaintiff's award-winning extra virgin olive oils have been available, and continue to be available, for both tasting and purchase. Also available to consumers are tapanades, cured olives, olive oil crackers and other related culinary delicacies.

## PLAINTIFF'S TRADEMARK REGISTRATIONS

13. On August 28, 1997, plaintiff filed an application to register its THE OLIVE PRESS design logo for use in connection with "bottles of olive oil sold through direct channels of distribution." The registration issued on July 27, 1999, and was assigned Registration Number 2,264,113. In 2004, plaintiff's Section 15 Affidavit was filed and acknowledged, and since that time its registration has become incontestable.

14. On January 23, 2005, plaintiff filed an application to register THE OLIVE PRESS word mark for use in connection with "olive oils and tapanades." The registration issued on January 24, 2006, and was assigned Registration Number 3,050,508.

## PLAINTIFF'S RETAIL STORE SERVICES

15. For over 11 years, first at its physical location at the Glen Ellen location and later with the introduction of its Internet website, plaintiff has been selling olive oil and related products to the consuming public. Consumers throughout the United States and the world have visited the Glen Ellen location and come to recognize it as the home of plaintiff's retail store services and olive processing facility. This consumer recognition is further supported by the thousands of visitors to plaintiff's website that provides consumers the opportunity to purchase olive oil and olive oil related products, and also provides consumers with an inside look of plaintiff's retail sales establishment.

16. For more than 11 years of operation at the Glen Ellen location, plaintiff had highly visible signs over the doors of the building displaying the THE OLIVE PRESS word mark. Unlike any of the other tenants at the Glen Ellen location, plaintiff's signs were made from raised tin lettering.

17. As a result of these continuous and well recognized retail sale and olive processing operations, plaintiff has also developed substantial consumer recognition and goodwill in its THE OLIVE PRESS trademark for use in connection with the retail sale of olive oil, olives and olive related products, as well as the processing of olives for large and small olive growers.

## THE FIGONE DEFENDANTS

18. Plaintiff is informed and believes, and thereon alleges that defendant Frank Figone is an individual residing in Sonoma County, California ("Frank").

19. Plaintiff is informed and believes, and thereon alleges that defendant Figone's of California Olive Oil Co. is a business organization, type unknown, which recently established a place of business at the Glen Ellen location (the "Company").

20. Plaintiff is informed and believes, and thereon alleges that Frank is the sole principal of the Company. Frank and the Company are collectively referred to herein as "Figone."

21. Plaintiff is informed and believes, and thereon alleges that since 1991 Figone has grown olives, processed olives and bottled olive oil and olives for sale to the consuming public.

## DOE DEFENDANTS

22. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the matters herein alleged, and for plaintiff's injuries as herein alleged.

23. Plaintiff is informed and believes, and thereon alleges that each of the DOE defendants was the agent, servant, employee or co-conspirator of the other defendants, and each of them, and at all times were acting within the scope of the agency, service, employment or co-conspiracy with the agreement and ratification of the other defendants, and each of them.

## ADDITIONAL FACTUAL BACKGROUND

24. Plaintiff is informed and believes, and thereon alleges that Bernard J. MacElhenny, Jr., by and through his business Realty Advisors, is the owner and landlord of the premises at the Glen Ellen location.

25. After more than 10 years at the Glen Ellen location, plaintiff and Mr. MacElhenny entered into negotiations to extend plaintiff's lease. Unfortunately, the negotiations between plaintiff and Realty Advisors were contentious, with Mr. MacElhenny expressing anger and

frustration that plaintiff was unwilling to continue to lease the Glen Ellen location under the terms under which he was willing to make the premises available.

26. During the course of these negotiations, Mr. MacElhenny stated that if plaintiff did not renew its lease at the Glen Ellen location, he would replace plaintiff's business with a similar business, and take any steps he could to make the replacement business appear as similar as possible to the plaintiff's operation.

27. In January 2007, plaintiff moved its retail store location and olive processing operation to the Sonoma location. The Sonoma location is located on the same street (Arnold Drive/Highway 121) but 10 miles south of the Glen Ellen location.

28. The decision to leave the Glen Ellen location was difficult, because a great number of consumers had grown to know that location as the home of plaintiff's retail store and olive processing facilities. In addition, because Glen Ellen is a popular tourist destination, plaintiff's retail store and processing facilities have become well-known destinations for tourists and tours. As a result, the Glen Ellen location has been, and continues to be, listed in a significant number of tour books and tourist-related literature as the home of plaintiff's business and a place to buy plaintiff's award winning olive oil. The people who read this literature will travel to the Glen Ellen location looking for a business called "The Olive Press."

29. In or about February 2007, after the negotiations between plaintiff and Mr. MacElhenny failed, Figone moved into the Glen Ellen location and established a retail business that sells olive oil, olives and olive related products and includes operation of an olive processing facility, in a manner that is substantially similar to the business operations that plaintiff operated at the Glen Ellen location for more than 11 years.

30. Not satisfied to open the same business as plaintiff in the same location where plaintiff operated for more than 11 years, Figone has taken a significant number of actions, all intended to confuse consumers into believing that his operation is the same as, or associated with, plaintiff's retail store sales, and olive processing operation, as well as plaintiff's olive oil, olives, and other products related to the olive industry. Actions taken by Figone that are intended to confuse consumers include but are not limited to, the following:

1            a.  In or about July 2007, Figone added prominent signage to the Glen Ellen location
2   that states "Olive Press." The signage is in the same or substantially similar type font as plaintiff's
3   prior signage and in the same material of raised tin letters. The only change from plaintiff's prior
4   business operation has been to remove the "the" and orient the letters of the sign vertically rather
5   than horizontally. A photograph of these signs is attached to this Complaint as Exhibit B.
6            b.  Figone has published advertisements for his business operation where he has
7   referred to the business as "Figone's Olive Press." Plaintiff is informed and believes, and thereon
8   alleges, that these advertisements have appeared in the Kenwood Press.
9            c.  On Figone's website, the map providing directions to the Glen Ellen location is an
10  exact copy of the stylized map that plaintiff has been using on its website and other printed
11  materials for nearly 11 years.
12           d.  Plaintiff's store has always had a set of grinding stones in front. Photographs of
13  similar stones have also been included in plaintiff's marketing materials. Consumers have come to
14  associate these grinding stones with the operations of plaintiff. Since moving into plaintiff's former
15  facilities at the Glen Ellen location, Figone has started using a similar image of grinding stones as a
16  prominent part of its marketing materials.
17           e.  During its more than 11 years of operation at the Glen Ellen location, plaintiff had
18  two corrugated metal awnings outside the doorways used to enter into the retail store. These metal
19  awnings achieved a consistent decorating and marketing image together with the raised tin letter
20  signage. These awnings are visible in the photograph in Exhibit A. When plaintiff left the Glen
21  Ellen location, it removed these two signature metal awnings from the building. In or about July
22  2007, Figone installed awnings over the doorways to the Glen Ellen location that replicate these
23  signature corrugated metal awnings that were used by plaintiff for nearly 11 years.
24       31. In addition to the above specific items, Figone sells its olive oil in the same stylized
25  bottle that plaintiff has been using to sell its olive oil since 1996.
26       32. Each of the above described acts, individually and together intended to mimic plaintiff's
27  business, is not necessary for the operation of Figone's business. Rather, Figone unambiguously
28  and willfully intends to trade on the substantial goodwill that plaintiff has created by operating its

business from the Glen Ellen location for nearly 11 years. Figone's conduct is undoubtedly the fulfillment of Mr. MacElhenny's threat to set up the same business in the Glen Ellen location and make it look as substantially similar to plaintiff's operations as possible.

33. Each of these actions by Figone, is likely to cause confusion to the consuming public, an taken together establish overwhelming evidence that Figone seeks to intentionally confuse consumers into believing that the Figone business, located in the same location where plaintiff operated its business for more than 11 years, is actually plaintiff's business.

34. Consumers who have previously visited the Glen Ellen location to purchase olive oil from plaintiff or use its processing facilities, will come upon a location that prominently displays OLIVE PRESS in the same type font and in the same raised tin letters, and has the same physical presentation with the signature metal awnings. They will enter a building which provides the same retail store services and olive processing facilities. Individually, and certainly in combination, these efforts to mimic plaintiff's business will create confusion among consumers.

35. Figone's conduct is even more problematic with regard to tourists and other people who have not previously visited plaintiff's operations. They will travel to the Glen Ellen location identified in a tour book or other tourist literature, looking for plaintiff's business, and instead will find a substantially similar business, prominently displaying the plaintiff's trademark and providing substantially similar products and services as plaintiff provided at that location. These casual consumers will have no reason to know or understand that plaintiff has moved its business operations 10 miles to the south. Rather, these consumers will be confused, will remain confused, and conduct business with Figone, incorrectly believing that Figone's business operations are associated with, sponsored by plaintiff, or are one and the same.

36. Indeed, since February 2007, a significant number of consumers have gone to the Glen Ellen location looking for plaintiff's business. They have been confused, entered Figone's premises believing that they were entering plaintiff's business. Once inside, the staff for Figone made significant efforts to keep the consumers at that location and to prevent them from knowing how to locate plaintiff's business, their intended destination.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF LANHAM ACT, SECTION 32

37. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-36, inclusive.

38. Defendants' use of OLIVE PRESS has caused, and is likely to cause, confusion, mistake, and deception by purchasers and consumers of olive oil, olives, products related to olives and olive oil, as well as persons who are involved in growing and producing olives used to make olive oils, processed olives and products using olives.

39. The acts of defendants, and each of them, infringe plaintiff's design mark registration, infringe plaintiff's word mark registration and constitute conduct in violation of Lanham Act §32 (15 U.S.C. §1114(1)(a)).

40. As a proximate result of defendants' acts, plaintiff has suffered great detriment to its business, goodwill, reputation and profits, all to its respective damage in an amount to be determined at trial.

41. This is an exceptional case, and plaintiff is entitled to recover three times its damages plus reasonable attorneys' fees under Section 35 of the Lanham Act (15 U.S.C. §1117.)

42. As a result of defendants' infringement, plaintiff has been irreparably harmed and has suffered impairment of the value of its trademark rights. Moreover, plaintiff will continue to suffer irreparable harm unless defendants, and each of them, are restrained from infringing plaintiff's trademark rights.

WHEREFORE, plaintiff prays judgment as set forth below.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF LANHAM ACT, SECTION 43(A)

43. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-36, inclusive.

44. Defendants' use of the OLIVE PRESS has caused, and is likely to cause, confusion, mistake, and deception by purchasers and consumers of olive oil, olives, products related to olives

1  and olive oil, as well as persons who are involved in growing and producing olives to make olive
2  oils, processed olives, and products using olives.
3      45. Defendants' other acts, individually and collectively intended to mimic plaintiff's
4  business operation, are also likely to cause, confusion, mistake, and deception by purchasers and
5  consumers of olive oil, olives, products related to olives, and olive oil, as well as persons who are
6  involved in growing and producing olives, olive oils, processed olives, and products using olives.
7      46. The acts of defendants, and each of them, constitutes conduct in violation of Lanham
8  Act §43(a) (15 U.S.C. §1125(a)).
9      47. As a proximate result of defendants' acts, plaintiff has suffered great detriment to its
10 business, good will, reputation and profits, all to its damage in an amount to be determined at trial.
11     48. This is an exceptional case, and plaintiff is entitled to recover three times its damages
12 plus reasonable attorneys' fees under Section 35 of the Lanham Act (15 U.S.C. §1117.)
13     49. Because of defendants' infringement, plaintiff has been irreparably harmed and has
14 suffered impairment of the value of its trade dress rights. Moreover, plaintiff will continue to suffer
15 irreparable harm unless defendants are restrained from infringing plaintiff's trade dress rights.
16     WHEREFORE, plaintiff prays judgment as set forth below.

### THIRD CLAIM FOR RELIEF
### INFRINGEMENT OF COMMON LAW TRADEMARK RIGHTS

19     50. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-36,
20 inclusive.
21     51. Defendants' use of the OLIVE PRESS has caused, and is likely to cause, confusion,
22 mistake, and deception by purchasers and consumers of olive oil, olives, products related to olives,
23 and olive oil, as well as persons who are involved in growing and producing olives used to make
24 olive oils, processed olives, and products using olives.
25     52. Defendants' other acts, individually and collectively intended to mimic plaintiff's
26 business operation, are also likely to cause, confusion, mistake, and deception by purchasers and
27 consumers of olive oil, olives, products related to olives, and olive oil, as well as persons who are
28

1  involved in growing and producing olives used to make olive oils, processed olives, and products
2  using olives.
3     53. The acts of defendants, and each of them, constitutes conduct in violation of plaintiff's
4  common law trademark rights, trade dress rights and trade name rights.
5     54. As a proximate result of defendants' acts, plaintiff has suffered great detriment to its
6  business, good will, reputation and profits, all to its damage in an amount to be determined at trial.
7     55. Because of defendants' infringement, plaintiff has been irreparably harmed and has
8  suffered impairment of the value of its trade dress rights. Moreover, plaintiff will continue to suffer
9  irreparable harm unless defendants are restrained from infringing plaintiff's trade dress rights.
10    WHEREFORE, plaintiff prays judgment as set forth below.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §14330)

13    56. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-55,
14  inclusive.
15    57. The acts of defendants, and each of them, are likely to injure the business reputation and
16  dilute the distinctive quality of plaintiff's trademarks and trade name in violation of California
17  Business and Professions Code §14330.
18    58. Defendants' unfair business practices have caused, and if not enjoined will continue to
19  cause, irreparable and continuing harm to plaintiff, for which plaintiff has no adequate remedy at
20  law.
21    WHEREFORE, plaintiff prays judgment as set forth below.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200)

24    59. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-58,
25  inclusive.
26    60. The acts of defendants, and each of them, constitute an unfair business practice in
27  violation of California Business and Professions Code §17200 et seq.
28

10
COMPLAINT

61. Defendants' unfair business practices have caused, and if not enjoined will continue to cause, irreparable and continuing harm to plaintiff, for which plaintiff has no adequate remedy at law.

62. As a proximate result of defendants' unfair business practices, defendants have received, and will continue to receive, improper fees and profits that rightfully belong to plaintiff.

WHEREFORE, plaintiff prays judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter judgment as follows:

A. That defendants, and each of their respective officers, agents, affiliates, servants, employees and attorneys, and all other persons in active concert or participation with them, be temporarily, preliminarily and permanently enjoined from the following:

    a. using plaintiff's THE OLIVE PRESS trademark, whether singularly or combination with other elements, or any confusingly similar variation thereof, including, without limitation, "olive press";

    b. using plaintiff THE OLIVE PRESS trade name, whether singularly or combination with other elements, or any confusingly similar variation thereof, including, without limitation, "olive press";

    c. using any of the distinctive features of plaintiff's business operation at the Glen Ellen location, whether singularly or in combination with other elements, or any confusingly similar variation thereof, including, without limitation, signage in the same font as plaintiff's signs, signage in raised metal letters and the use of metal awnings.

B. That defendants be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of their compliance with each and every injunction ordered by the Court.

C. Pursuant to 15 U.S.C. § 1117, defendants be held liable for all damages suffered by plaintiff resulting from the acts alleged herein.

D. Pursuant to 15 U.S.C. § 1117, defendants be compelled to account to plaintiff for any and all profits derived by it from its unlawful acts complained of in this Complaint.

E. Pursuant to 15 U.S.C. § 1117, that the Court declare this to be an exceptional case and award plaintiff its full costs and reasonable attorneys' fees.

F. Pursuant to 15 U.S.C. § 1118, that defendants be ordered to deliver for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of defendants, bearing any marking found to infringe plaintiff's trademark, trade dress or trade name rights, as well as all means of making these items.

G. That the Court grant plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117.

H. That plaintiff be awarded damage in an amount to be proven at trial adequate to compensate it for the infringement of its trademark, trade dress and trade name rights.

I. As to plaintiff's claim for the violation of Business and Professions Code §17200, that defendant be required to pay restitution for its ill-gotten gains to plaintiff.

J. That plaintiff be awarded its costs and pre-judgment interest on its damages.

K. That plaintiff be granted such other and further relief as this Court determines is just and proper.

DATED: July 20, 2007

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Plaintiff
THE OLIVE PRESS LLC

By: _____
Warren L. Dranit

## DEMAND FOR JURY TRIAL

(Civil Local Rule 3-6)

Pursuant to Civil Local Rule 3-6, plaintiff The Olive Press LLC hereby demands a trial by jury for all issues triable before a jury.

DATED: July 20, 2007

SPAULDING McCULLOUGH & TANSIL LLP
Attorneys for Plaintiff
THE OLIVE PRESS LLC

By: _____
Warren L. Dranit

**EXHIBIT A – Photograph of The Olive Press business at the Glen Ellen location**



14
COMPLAINT

**EXHIBIT B** – Photograph of Figone's "Olive Press" signage